FILED
5/21/2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___KT___
Deputy

SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AU:24-CR-00100-RP

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**Plaintiff**<br><br>v<br><br>(1) ALTON EASLEY<br>(2) RONALD GREEN<br>(3) DONALD GREEN<br>(4) JOHN TOWNSEND<br>(5) ANDRE GIBSON<br>▬▬▬▬▬▬▬▬▬▬▬▬▬<br>(7) ROMMEL ENRIQUE SANCHEZ<br>(8) ELOZIA ROGERS<br>(9) CHRISTOPHER HALL<br>(10) PHILLIP BROWN<br>(11) RODERICK FLETCHER<br>(12) JERMAINE MATHIS JR<br>(13) BRAD DESHOUTEL<br>(14) ROLAND GARCIA<br>(15) SEDRICK MCCARTHER<br>(16) BENNY OCHOA JR<br>(17) CALVIN HOUSTON<br>(18) MARIA G PALOMO DE MEDINA<br>(19) DEREK BYRD<br><br>**Defendants** | **INDICTMENT**<br><br>[Ct. 1: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Cocaine; Ct. 2: 18 U.S.C § 1956(h) – Conspiracy to Commit Money Laundering]<br><br>Notice of Government's Demand for Forfeiture |

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, Cocaine
### [21 U.S.C. § 846]

Beginning in or around September 2022 and continuing through in or around May 2024, the exact dates being unknown, in the Western District of Texas and elsewhere, Defendants

(1) ALTON EASLEY,
(2) RONALD GREEN,
(3) DONALD GREEN,
(4) JOHN TOWNSEND,
(5) ANDRE GIBSON,

(7) ROMMEL ENRIQUE SANCHEZ,
(8) ELOZIA ROGERS,
(9) CHRISTOPHER HALL,
(10) PHILLIP BROWN,
(11) RODERICK FLETCHER,
(12) JERMAINE MATHIS JR,
(13) BRAD DESHOUTEL,
(14) ROLAND GARCIA,
(15) SEDRICK MCCARTHER,
(16) BENNY OCHOA JR,
(17) CALVIN HOUSTON,
(18) MARIA G PALOMO DE MEDINA, and
(19) DEREK BYRD

did intentionally and knowingly combine, conspire, confederate, and agree together and with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute and distribute cocaine, a Schedule II controlled substance.

With respect to **ALTON EASLEY, RONALD GREEN, DONALD GREEN, JOHN TOWNSEND, ANDRE GIBSON,** ▮ **RODERICK FLETCHER**, and **ROMMEL ENRIQUE SANCHEZ JR,** their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(A).

With respect to **ELOZIA ROGERS, JERMAINE MATHIS JR, BENNY OCHOA JR, CALVIN HOUSTON, and DEREK BYRD,** their conduct as members of the narcotics

conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(B).

## COUNT TWO
## Conspiracy to Commit Money Laundering
## [18 U.S.C. § 1956(h)]

Beginning in or around September 2022 and continuing through in or around May 2024, the exact dates being unknown, in the Western District of Texas and elsewhere, Defendants

**(1) ALTON EASLEY,**
**(4) JOHN TOWNSEND,**

**(12) JERMAINE MATHIS JR, and**
**(18) MARIA G PALOMO DE MEDINA,**

and others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together, and with others known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. §1956, as follows:

    a) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved property which was the proceeds of specified unlawful activity, to wit, unlawful possession with intent to distribute a controlled substance, cocaine, with the intent to promote the carrying on of said specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    b) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved property which was the proceeds of specified unlawful activity,

to wit, unlawful possession with intent to distribute a controlled substance, cocaine, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

In violation of 18 U.S.C. § 1956(h), the penalty for which is found at 18 U.S.C. § 1956(a)(1).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed.R.Crim.P. Rule 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 USC §§ 846, 841(b)(1)(B) subject to forfeiture
pursuant to Title 21 USC §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violation set forth in Count One, the United States of America gives notice to Defendants of its intent to seek the forfeiture of property, including the items listed below, Defendant shall forfeit all right, title, and interest in said property to the United States pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

### II.
### Forfeiture Statutes for Money Laundering
[Title 18 U.S.C. §1956(h), 1956(a)(1)(A)(i) and (a)(1)(B)(i), subject to forfeiture
pursuant Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations set forth in Count Two, the United States gives notice to the Defendants of its intent to seek the forfeiture of property, including the items

listed below, Defendant shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(1), which states:

### 18 U.S.C. § 982. Criminal Forfeiture

(a)(1) The court is imposing sentence on a person convicted of an offense in violation of sections 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### III.
### Subject Property

**Real Property:**

- **107 Chadwick Dr., San Antonio, Texas 78227**
  Lot 27, Block 13, NCB 15190, Lackland City Unit No. 7, Lying and Being situated in Bexar County, Texas According to map or plat thereof, recorded in Vol. 4181, Page 128, of the Bexar County Deed and Plat Records.

- **9126 Maury Arch, San Antonio, Texas 78245**
  Lot 38, Block 8, New City Block 17874, Hunt Crossing Subdivision, Unit 5 City of San Antonio, Bexar County, Texas According to plat recorded in Volume 9571, page (s) 81, Deed and Plat Records, Bexar County, Texas.

A TRUE BILL

███████████████████████████

FOREPERSON

JAIME ESPARZA
UNITED STATES ATTORNEY

By: *Michelle E. Fernald*
FOR: G. KARTHIK SRINIVASAN
ASSISTANT UNITED STATES ATTORNEY